IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE NELSON COMPANY, INC., a California Corporation, ) ) | CV F 05-0208 AWI DLB |
| Plaintiff, ) ) | ORDER ON DEFENDANT WESTON HATHAWAY'S MOTION TO DISMISS AND MOTION FOR SANCTIONS |
| v. ) ) | |
| WESTON HATHAWAY, and DOES 1 through 10, ) ) ) | |
| Defendants. ) ) | |

This is essentially a contractual dispute between subcontractors to the Fresno Federal Courthouse project. Plaintiff initially brought suit in state court, and Defendant removed the case to this Court on February 14, 2005.[1] Defendant then filed a motion to dismiss, but Plaintiff filed a First Amended Complaint before any ruling on the motion was made. This motion to dismiss followed the filing of the First Amended Complaint.

**FACTUAL ALLEGATIONS**[2]

In January 2003, the Mike Nelson Company, Inc. ("Plaintiff") sent Weston Hathaway

---

[1] A motion to remand to state court was filed and reviewed by Magistrate Judge Beck. Thereafter, the motion was dropped and the issue has ultimately been resolved.

[2] Because this is a Rule 12(b)(6) motion to dismiss, the following facts are taken from Plaintiffs' First Amended Complaint and are assumed to be true for purposes of resolving the motion. See Smith v. Jackson, 84 F.3d 1213, 1217 (9th Cir. 1996).

("Defendant") a bid request form for pricing on steel metal framing materials, drywall, and the stocking of materials relating to the construction of the federal courthouse in Fresno, California. Defendant responded by filling in pricing on the bid request form for the requested materials and stocking. Defendant faxed the form back to Plaintiff on February 3, 2003. Thereafter, Plaintiff orally accepted Defendant's prices for the goods and services, and proceeded to work based upon the pricing information provided by Defendant. According to Plaintiff, this process is the habit and custom of the industry throughout California and in Fresno. The agreement called for Defendant to place or stock materials in certain designated work areas and supply Plaintiff with the construction materials at a particular set price.

Plaintiff argues that Defendant breached the agreement by failing to complete the stocking of the construction materials in the designated work areas. Defendant initially performed its stocking obligations, but stopped performance when it was required to pay prevailing federal wages. Similarly, Defendant provided some framing and drywall at the agreed upon price, but then, unilaterally and without Plaintiff's consent, selectively raised prices of the building materials.

Defendant's failure to provide materials for the stated price required Plaintiff to purchase steel at a substantially higher price than that agreed upon, and the failure to stock materials at the construction site caused Plaintiff to expend manpower and extra labor costs to stock the construction site. Plaintiff states that it has been damaged in an amount greater than $25,000.

### 12(b)(6) MOTION TO DISMISS STANDARD

Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This rule provides for dismissal of a claim if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Parks Sch. of Business, Inc. v. Symington, 51 F.3d 1480,

1484 (9th Cir. 1995).  Thus, the determinative question is whether there is any set of "facts that could be proved consistent with the allegations of the complaint" that would entitle plaintiff to some relief.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party.  Newman v. Sathyavaglswaran, 287 F.3d 786, 788 (9th Cir. 2002); Smith v. Jackson, 84 F.3d 1213, 1217 (9th Cir. 1996).  The Court must also assume that general allegations embrace the necessary, specific facts to support them.  Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994).  But, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Courts will not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  Warren, 328 F.3d at 1139; Western Mining Council, 643 F.2d at 624.  Furthermore, Courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws that have not been alleged."  Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint, but may review materials which are properly submitted as part of the complaint and may take judicial notice of public records outside the pleadings.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend

3

even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).

# DISCUSSION[3]

### A.  Second Cause of Action:  Account Stated

####  1.  Arguments

#####   a.  Defendant's Motion

Defendant argues that in order to state a claim for an "account stated," the claim must be based on a new/separate contract and not on the original express transaction. Here, Plaintiff has alleged no separate contract. Defendant also argues that an "account stated" claim cannot be based upon a debt connected with the breach of an express contract. Defendant states that because Plaintiff's second cause of action endeavors to impermissibly split the breach of contract cause of action, it must fail.

#####   b.  Plaintiff's Opposition

In response, Plaintiff argues that an "account stated" is an agreement between parties that a particular sum be paid and accepted in discharge of the obligation. Plaintiff also argues that any bill can be subject to an "account stated" and that as Defendant agreed to provide materials and stock the project and did not do so, Plaintiff was forced to mitigate and has demanded the amount it expended from Defendant.

####  2.  Legal Standard

An account stated is an agreement between the parties that a certain sum shall be paid and accepted in discharge of an obligation. Truestone, Inc. v. Simi West Industrial Park II, 163 Cal.App.3d 715, 725 (1984); Withers v. Matthews, 192 Cal.App.2d 139, 141 (1961). To establish an account stated, the Plaintiff must show three elements:

---

[3] The first cause of action, breach of contract, is not being challenged by Defendant in this motion.

4

> ...[A]t the time of the statement, an indebtedness from one party to the other existed, a balance was then struck and agreed to be the correct sum owing from the debtor to the creditor, and the debtor expressly or impliedly promised to pay to the creditor the amount thus determined to be owing.

Truestone, 163 Cal.App.3d at 725 (quoting H. Russell Taylor's Fire Prevention Service, Inc. v. Coca Cola Bottling Corp., 99 Cal.App.3d 711, 726 (1979)).  Thus, an action on an account stated is an entirely new contract by and under which the parties have adjusted their differences and mutually reached an agreement; it is not based upon the original terms, but upon a balance agreed to by the parties, and no inquiry may be made into original terms. Gleason v. Klamer, 103 Cal.App.3d 782, 786-787 (1980); Fogarty v. McGuire, 170 Cal.App.2d 405, 409 (1959); Gardner v. Watson, 170 Cal. 570, 574 (1915). "An account stated is an agreed balance of accounts; an account which has been examined and accepted by the parties.  It implies an admission that the account is correct, and that the balance struck is due and owing from one party to the other." Perry v. Schwartz, 219 Cal.App.2d 825, 829 (1963); see Truestone, 163 Cal.App.3d at 725 (1984). "The law is established in California that a debt which is predicated upon the breach of the terms of an express contract cannot be the basis of an account stated." Moore v. Bartholomae Corp., 69 Cal.App.2d 474, 477 (1945).

### 3. Analysis

The three elements set forth in *Truestone* must be pled with sufficient factual allegations by Plaintiff in order to state a claim for an account stated.  Here, however, the complaint does not allege that any "balance" was struck, or that there was any understanding reached between both parties as to the amount of outstanding debt.  There is also no allegation in the complaint to demonstrate that Defendant made a promise to pay any debt or to forward any such amount to Plaintiff.  Instead, the facts indicate that Plaintiff made a demand upon Defendant for payment, but Defendant has refused the demand.

Simply stated, the complaint does not present sufficient factual allegations to show that a second agreement, separate from the first agreement to provide materials and stocking services, was created to settle an outstanding debt. See Truestone, 163 Cal.App.3d at 725; Gleason, 103

5

Cal.App.3d at 786-87; Fogarty, 170 Cal.App.2d at 409. The portion of the complaint that alleges an "account stated" (paragraphs 12 through 14) expressly incorporates the paragraphs (5 through 11) that allege and form the basis for "breach of contract." When the allegations of paragraphs 5 through 14 are read together, it appears that Plaintiff and Defendant entered into a single agreement that required Defendant to provide construction materials and labor to Plaintiff for an agreed upon price; this is not sufficient to plead the existence of an account stated.[4] Truestone, 163 Cal.App.3d at 725; Gleason, 103 Cal.App.3d at 786-87; Fogarty, 170 Cal.App.2d at 409; Moore, 69 Cal.App.2d at 477. Given the foregoing, Defendant's motion will be granted as to this claim.

**B.    Third Cause of Action:  Common Count**

   **1.    Arguments**

      **a.    Defendant's Motion**

Defendant argues that the complaint's "common count" allegation is simply repetitive pleading and an impermissible splitting of causes of action. Defendant argues that since the common count allegation is based on the same facts of the first cause of action, breach of contract, Plaintiff's claim is redundant and should therefore fail. Relying on Professor Witkin's treatise on California Procedure, Defendant argues that Plaintiff is not permitted to plead in the alternative under the facts of this case.

---

[4] Incorporating prior allegations by reference into a separate cause of action may create internal inconsistencies and/or defeat that cause of action. See SMC Corp. v. Peoplesoft USA, Inc., 2004 U.S. Dist. LEXIS 22811 at *10, 2004 WL 2538641 at *3 (S.D. Ind. 2004) (holding that dismissal of claim for unjust enrichment was appropriate where allegations for breach of contract were incorporated by reference under the allegations for unjust enrichment); Canadian Pac. Ry. Co. v. Williams-Hayward Protective Coatings, Inc., 2003 U.S. Dist. LEXIS 6518 at *12-*13, 2003 WL 1907943 at *5 (N.D.Ill. 2003) (same). It is true that the Ninth Circuit has held that, under Rule 8(e), "a pleading should not be construed as an admission against another alternative or inconsistent pleading in the same case." McCalden v. California Library Ass'n, 955 F.2d 1214, 1219 (9th Cir. 1992); Molsbergen v. United States, 757 F.2d 1016, 1019 (9th Cir. 1985). However, *McCalden* and *Molsbergen* involved situations where the district court looked to allegations in the complaint that were not incorporated by reference into separate causes of action, i.e. the district court erroneously compared separated, "non-incorporated" allegations. See McCalden, 955 F.2d at 1219; Molsbergen, 757 F.2d at 1018-19. Furthermore, in this case, the allegations in paragraphs 12-14 are not materially different from the allegations of paragraphs 5-11.

### b.     Plaintiff's Opposition

Plaintiff argues that a common count can properly be pled when a plaintiff has performed an obligation of an express contract and what remains is the defendant's obligation to pay the plaintiff for performance. Plaintiff argues that it makes no difference whether the original transaction is based on an express contract or not. As applied to this case, Plaintiff argues that: Defendant agreed to supply materials and labor for stocking materials to Plaintiff; that Defendant failed to perform fully all of its duties under this agreement; that Plaintiff was forced to hire other labor and seek other suppliers for the material and thus incurred damages; and that Plaintiff requested payment, but that Defendant refused. Plaintiff's Opposition at 5:4-8. Plaintiff also argues that it is pleading in the alternative because there is uncertainty as to the nature of the contractual obligation that the evidence may establish.

### 2.     Legal Standard

In federal court, Rule 8(e)(2) provides for pleading in the alternative: "A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses."[5] "Under the Federal Rules, a plaintiff may set forth inconsistent legal theories in its pleadings and will not be forced to elect a single theory on which to seek recovery." Arnold & Assocs., Inc. v. Misys Healthcare Sys., 275 F. Supp. 2d 1013, 1030 n.11 (D. Ariz. 2003) (citing Arthur v. United States by and Through VA, 45 F.3d 292, 296 (9th Cir. 1995)); see also Brookhaven Landscape & Grading Co. v. J.F. Barton Contracting Co., 676 F.2d 516, 523 (11th Cir. 1982). Thus, for example, a plaintiff may "seek both an equitable remedy of estoppel and a legal remedy for breach of contract." Arnold &

---

[5] Rule 8(e)(2) reads in its entirety:
A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds. All statements shall be made subject to the obligations set forth in Rule 11.

Assocs., 275 F.Supp.2d at 1030 n.11; Atlantic Paper Box Co. v. Whitman's Chocolates, 844 F.Supp. 1038, 1043 (E.D. Pa. 1994); see also Detroit Tigers, Inc. v. Ignite Sports Media, L.L.C., 203 F.Supp.2d 789, 793 (E.D. Mich. 2002).  However, a party "may not recover on inconsistent theories when one theory precludes the other or is mutually exclusive of the other."  Brookhaven Landscape & Grading, 676 F.2d at 523; see Scott v. District of Columbia, 101 F.3d 748, 753 (D.C. Cir. 1996).

The essential elements of a common count are:  a statement of indebtedness in certain sum, consideration, and nonpayment.  Farmers Ins. Exchange v. Zerin, 53 Cal.App.4th 445, 460 (1997); Allen v. Powell, 248 Cal.App.2d 502, 510 (1967); 4 Witkin, California Procedure: Pleading § 518 (4th ed).  California courts have recognized that a plaintiff may plead a cause of action for a breach of contract and a common count.  See, e.g., Leoni v. Delany, 83 Cal.App.2d 307-09 (1948) (discussing and citing, *inter alia*, Wilson v. Smith, 61 Cal. 209 (1882)).

> A common count is proper whenever the plaintiff claims a sum of money due, either as an indebtedness in a sum certain, or for the reasonable value of services, goods, etc., furnished.  It makes no difference in such a case that the proof shows the original transaction to be an express contract, a contract implied in fact, or a quasi-contract.

Utility Audit Co. v. City of Los Angeles, 112 Cal.App.4th 950, 958 (2003); Kawasho Internat., U.S.A. Inc. v. Lakewood Pipe Service, Inc., 152 Cal.App.3d 785, 793 (1983); 4 Witkin, California Procedure: Pleading § 515.  The element of indebtedness excludes actions based on express contract where: (1) the contract is still executory on the plaintiff's side; (2) the plaintiff seeks either damages for breach or specific performance, for example, when a buyer seeks damages for partial failure to deliver goods after full payment of price; and (3) the obligation of the defendant is something other than the payment of money.  4 Witkin, California Procedure: Pleading § 515 (and cases cited therein).

**3.     Analysis**

As argued by Plaintiff, the complaint endeavors to make use of pleading in the alternative.  The practice of pleading in the alternative has long been recognized and accepted by

the federal courts. As set forth above, for purposes of a common count, "[i]t makes no difference in such a case that the proof shows the original transaction to be an express contract, a contract implied in fact, or a quasi-contract." Utility Audit, 112 Cal.App.4th at 958. As Rule 8(e)(2) permits Plaintiff to plead these two claims in the alternative, a common count may be pled along with a claim for breach of contract.[6] See Arthur, 45 F.3d at 296; Brookhaven Landscape & Grading, 676 F.2d at 523; Arnold & Assocs., 275 F. Supp. 2d at 1030 n.11; Detroit Tigers, 203 F.Supp.2d at 793.

However, Defendant's argument is that Plaintiff has failed to state a claim primarily because it impermissibly splits its breach of contract claim into three redundant causes of action, when in reality, there is but one cause of action being alleged. A common count may be based on an express contract. However, when the common count is based on an express contract, the element of indebtedness is not satisfied where the plaintiff seeks damages for breach or where the obligation of the defendant is something other than the payment of money. Willett & Burr v. Alpert, 181 Cal. 652, 662 (1919); 4 Witkin, California Procedure: Pleading § 516. The portion of the complaint that alleges "common count" incorporates by reference the allegations that constitute breach of contract. When the breach of contract allegations (paragraphs 5-11) and the common count allegations (paragaphs 15-17) are read together, the common count appears to be based on the alleged contract between Plaintiff and Defendant.[7] This is confirmed in Plaintiff's opposition. See Plaintiff's Opposition at 5:4-8. The facts alleged and the argument of Plaintiff show that the obligation was for Defendant to provide services and materials to Plaintiff, it was not to pay money. Moreover, the "debt" that Plaintiff seeks, the costs of replacement materials and labor, are damages arising from the breach of the alleged contract. Furthermore, Plaintiff has

---

[6] Defendant's citation to Professor Witkin is not persuasive as his discussion relates to California state practice. "Under the present federal procedure a party may plead inconsistently, subject only to the requirements of making a reasonable inquiry under the circumstances and interposing a pleading only for proper purposes, which are the limits set forth in Rule 11." 5 Wright & Miller, Federal Practice and Procedure § 1283.

[7] Paragraphs 12-14 of the complaint allege "account stated" and are also incorporated by reference under the common count claim.

9

not alleged any conduct on its part wherein it provided goods, services, or money to Defendant. See Matthew Bender, California Forms of Pleadings and Practice, Vol. 12, Ch. 121, Common Counts: §§ 121:23-121:25 (2005) (explaining the types of common counts and describing each as based on some form of conduct by the plaintiff for the defendant); 4 Witkin, California Procedure: Pleading §§ 522-528 (same).  Although pleading in the alternative is permissible, the common count allegations show a request for damages based on breach and that Defendant's obligation under the agreement was the provision of goods and services – not the payment of money.  Under these allegations, Plaintiff has failed to state a claim for a common count.  See Willett & Burr, 181 Cal. at 662; 4 Witkin, California Procedure: Pleading §§ 516, 522-528; see also Matthew Bender, California Forms of Pleadings and Practice, Vol. 12, Ch. 121, Common Counts: §§ 121:23-121:25.  Accordingly, Defendant's motion will be granted as to this claim.

**C.     Fourth Cause of Action:  Promissory Estoppel**

   **1.     Arguments**

      **a.     Defendant's Motion**

Defendant argues that the doctrine of promissory estoppel is only available to a plaintiff who, in reliance, performs an act other than the one for which he bargained.  Defendant cites Plaintiff's allegation that, "Plaintiff relied upon the contract between Mike Nelson and Weston for material pricing and to supply stocking on the project," and argues that it shows reliance by Plaintiff on performance of an act bargained for.  Thus, promissory estoppel is unavailable.

      **b.     Plaintiff's Opposition**

In response, Plaintiff argues that promissory estoppel may be invoked in the particular situation where a general contractor takes a number of subcontractors' bids in order to make his own bid for the main contract.  See Drennan v. Star Paving Co., 51 Cal.2d 409 (1958).  Plaintiff also argues that there are three elements to promissory estoppel, the existence of which are questions of fact.

**2.	Legal Standard**

"Promissory estoppel is a doctrine which employs equitable principles to satisfy the requirement that consideration must be given in exchange for the promise sought to be enforced." US Ecology, Inc. v. State, 129 Cal.App.4th 887, 901-902 (2005); Toscano v. Greene Music, 124 Cal.App.4th 685, 692 (2004). Promissory estoppel is invoked where "[a] promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." Diede Const., Inc., v. Monterey Mechanical Co., 125 Cal.App.4th 380, 385 (2004). Thus, in a promissory estoppel action, the plaintiff must prove all of the necessary elements of a contract except for the requirement of consideration. U.S. Ecology, 129 Cal.App.4th at 903. "The elements of promissory estoppel are (1) a clear promise, (2) reliance, (3) substantial detriment, and (4) damages measured by the extent of the obligation assumed and not performed." Helmer v. Bingham Toyota Isuzu, 129 Cal.App.4th 1121, 1130 fn. 3 (2005); see also U.S. Ecology, 129 Cal.App.4th at 901. However, in California,

> the only reliance which can make the promisor's failure to perform actionable is the promisee's doing what was requested. If that reliance was detrimental, it would constitute consideration. If it was not detrimental, it would not constitute consideration; and since detrimental reliance is an essential feature of promissory estoppel, that doctrine could not be invoked to make the promisor liable. In other words, where the promisee's reliance was bargained for, the law of consideration applies; and it is only where the reliance was unbargained for that there is room for application of the doctrine of promissory estoppel.

Youngman v. Nevada Irrigation Dist., 70 Cal. 2d 240, 249-50 (Cal. 1969); Healy v. Brewster, 59 Cal.2d 455, 463 (1963); see also Walker v. KFC Corp., 728 F.2d 1215, 1219-20 (9th Cir. 1984); Raedeke v. Gibraltar Savings & Loan Assn., 10 Cal.3d 665, 673 (1974). Thus, "If [a plaintiff's] only claimed reliance is performance of the act bargained for, [promissory estoppel] is unavailable." 1 Witkin, Summary of California Law: Contracts § 251 (9th ed.).

**3.	Analysis**

A review of Plaintiff's complaint shows that promissory estoppel is pled in the alternative

11

to breach of contract.  As discussed earlier, such pleading in the alternative is appropriate. Nevertheless, Defendant's point is well taken that reliance on an act that is bargained for precludes the application of promissory estoppel.  Under the promissory estoppel section of the complaint, Plaintiff alleges that it "relied upon the contract between Mike Nelson and Weston for material pricing and to supply stocking on the project."  Plaintiffs's First Amended Complaint at ¶ 22.  Plaintiff further alleges that, "Weston has increased the pricing . . . without notice or consent of the Plaintiff . . . [and] after commencing to stock the project, Defendant Weston failed and refused to continue stocking same when requested to provide certified payrolls for the project."  Id. at ¶ 24.  Plaintiff also incorporates by reference paragraphs 1 through 17, which are the basis for the breach of contract, account stated, and common count claims.  In these incorporated paragraphs, Plaintiff alleges in part, "Nelson orally accepted Weston's material pricing and stocking of materials, and proceeded to work based upon the pricing information provided by Weston."  Id. at ¶ 6.  "Defendant undertook and started stocking but stopped performance when defendant was required to pay federal prevailing wages."  Id. at ¶ 7.  "In regards to goods, Defendant did provide some goods at the agreed upon price, then, unilaterally and without plaintiff's consent, selectively raised prices of the goods."  Id. at ¶ 8.  When the allegations are read together, Plaintiff accepted Defendant's bid, communicated that acceptance, and performance on the agreement commenced.  For a period of time, Defendant actually performed what it had agreed or bargained to do.[8]  In other words, from both the allegations made and incorporated under the promissory estoppel section of the complaint, Plaintiff relied on what it had bargained for with Defendant:  the provision of materials and stocking at a certain cost.  Promissory estoppel is appropriate when there is a lack of consideration.  Raedeke, 10

---

[8] These allegations distinguish this case from *Drennan*, as pointed out by Defendant.  In *Drennan*, the contractor relied on a bid by a subcontractor in making a bid for a project. Drennan, 51 Cal.2d at 411-12.  The morning after the contractor was awarded the bid and before the contractor communicated its acceptance of the subcontractor's bid, the subcontractor informed the contractor that it had made an error in its subcontracting bid. Id. at 412.  The subcontractor refused to honor the bid and the contractor was forced to obtain a substitute subcontractor at a higher cost. Id. at 412-13.  In contrast, in the case at bar, Plaintiff accepted Defendant's bid, communicated the acceptance, and Defendant actually performed for a period of time under the agreement. Id.

Cal.3d at 672-73; US Ecology, 129 Cal.App.4th at 901-02. "Where the promisee's reliance was bargained for, the law of consideration applies." Youngman, 70 Cal. 2d at 249-50; Healy, 59 Cal.2d at 463. Because the allegations show that Plaintiff relied on a "requested" or "bargained for" performance, promissory estoppel is inapplicable. Raedeke, 10 Cal.3d at 672-73; Youngman, 70 Cal.2d at 249-50; Healy, 59 Cal.2d at 463; 1 Witkin, Summary of California Law: Contracts § 251. Given the foregoing, Defendant's motion to dismiss will be granted as to this claim.

**D.     Doe Defendant Liability**

Defendant argues that Plaintiff's allegations regarding Doe Defendants are too vague and unspecific. Plaintiffs have responded that "[in] section 'D', Weston argues for dismissal of 'Doe' defendants. Nelson does not object to this action by this court." Plaintiff's Opposition, page 9, lines 16-17. As Plaintiff has no objection to dismissal as to these Doe Defendants, dismissal will be granted.

**E.     Attorney's Fees**

    **1.     Arguments**

        **a.     Defendant's Motion**

Defendant argues that Plaintiff has failed to allege facts sufficient to show an entitlement to attorney's fees. Specifically, Defendant argues that Plaintiff has failed to identify a statutory basis for attorney's fees and has failed to reference a particular portion of the contract that provides for attorney's fees or even allege that a contract exists that provides for attorney's fees.

        **b.     Plaintiff's Opposition**

Plaintiff argues that California Civil Code § 1717 provides the statutory basis for an award of attorney's fees in this case. Furthermore, Plaintiff argues that Defendant also seeks attorney's fees on the basis of a credit application attached as an exhibit to Defendant's

13

counterclaim. Plaintiff argues that if Defendant's pleadings are accurate as required by Rule 11, then Plaintiff is entitled to attorney's fees under § 1717.

### 2. Legal Standard

"In an action involving state law claims, [federal courts] apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule." MRO Communs., Inc. v. AT&T Co., 197 F.3d 1276, 1282 (9th Cir. 1999). In California, attorney fees are "allowable as costs under Section 1032 [of the Code of Civil Procedure]"when they are "authorized by" either "Contract," "Statute," or "Law."[9] Cal. Code Civ. Pro. § 1033.5; Santisas v. Goodin, 17 Cal.4th 599, 606 (1998). "Thus, recoverable litigation costs do include attorney fees, but only when the party entitled to costs has a legal basis, independent of the cost statutes and grounded in an agreement, statute, or other law, upon which to claim recovery of attorney fees." Santisas, 17 Cal.4th at 606; see also Cal. Code Civ. Pro. § 1021 et. seq.; Carver v. Chevron USA, Inc., 97 Cal.App.4th 132, 143-44 (2002). With respect to contract actions, "where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees in addition to other costs." Cal. Civ. Code § 1717(a). The contract relied upon must contain a provision for the award of attorney fees in order to trigger the operation of § 1717. Khajavi v. Feather River Anesthesia Medical Group, 84 Cal.App.4th 32, 62 (2000); Campbell v. Scripps Bank, 78 Cal.App.4th 1328, 1337 (2000). Without an attorney's fees provision within the contract, a contract claim for attorney's fees will fail. Khajavi, 84 Cal.App.4th at 62.

### 3. Analysis

Here, Plaintiff has responded that it is relying on § 1717 for its claim of attorneys's fees.

---

[9] Code of Civil Procedure § 1032 in relevant part reads: "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." Cal. Code. Civ. Pro. § 1032(b).

14

However, there are no allegations in the complaint that Plaintiff is relying on a contractual provision that authorizes the award of attorneys's fees. That Defendant in its own pleading may have described a contractual basis for attorneys's fees is immaterial to Plaintiff's complaint. Because Plaintiff has not identified a basis for attorneys's fees, dismissal is appropriate. See Cal. Civil Code § 1717; Khajavi, 84 Cal.App.4th at 62.

**F.     Sanctions**

    **1.     Arguments**

        **a.     Defendant's Motion**

Defendant argues that sanctions are appropriate because Plaintiff filed a first amended complaint that contained defects that were addressed in Defendant's first motion to dismiss (two improperly pled causes of action, doe defendants, and improperly pled request for attorneys's fees). Defendant argues that Plaintiff learned that various positions were without legal merit through Defendant's first motion, yet the same deficiencies remain in the operative, amended complaint.

Defendant also argues that removal was based on Miller Act claim rights as the dispute between Plaintiff and Defendant arose from the construction of the Fresno Federal Courthouse. The motion to remand was unmeritorious and by filing the motion, Plaintiff unreasonably multiplied the proceedings in this matter.

        **b.     Plaintiff's Opposition**

Plaintiff argues that filing its amended complaint was proper and a right as a matter of law under Federal Rule of Civil Procedure 15(a). Additionally, Plaintiff argues that it withdrew its motion to remand because Defendant filed a lengthy counter-claim naming the general contractor and Plaintiff's bonding company. Plaintiff argues that this resulted in demands for defense so that Plaintiff would have to prosecute the State Court action and defend the Miller Bond claim simultaneously. The decision was then made to withdraw the motion for remand.


**2.     Legal Standards**

    **a.     Rule 11 Sanctions**

Under Rule 11of the Federal Rules of Civil Procedure, an award of sanctions is required if a frivolous paper is filed. Price v. State of Hawaii, 939 F.2d 702, 709 (9th Cir. 1991). "Frivolous filings are those that are both baseless and made without a reasonable and competent inquiry." Buster v. Greisen, 104 F.3d 1186, 1190 (9th Cir. 1997).   Rule 11, Federal Rules of Civil Procedure, provides in pertinent part as follows:

> (b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>   (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>   (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>   (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;  and
>   (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.
> (c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

Rule 11 imposes a duty on attorneys to certify that (1) they have read the pleadings or motions they file and (2) the pleading or motion is grounded in fact, has a colorable basis in law, and is not filed for an improper purpose. See Smith v. Ricks, 31 F.3d 1478, 1488 (9th Cir.1994).  A court considering a request for Rule 11 sanctions should consider whether the position taken was "frivolous," "legally unreasonable," or "without factual foundation, even if not filed in subjective bad faith."  Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir.1986).

"Rule 11(c)(1)(A) provides strict procedural requirements for parties to follow when they move for sanctions under Rule 11." Radcliffe v. Rainbow Const. Co., 254 F.3d 772, 788 (9th

Cir. 2001). Rule 11(c)(1)(A) provides that:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

The purpose of Rule 11(c)(1)(A)'s safe harbor is to give the offending party the opportunity to withdraw the offending pleading and thereby escape sanctions. Barber v. Miller, 146 F.3d 707, 710 (9th Cir.1998).

The procedural requirements of Rule 11(c)(1)(A)'s safe harbor are mandatory. Radcliffe, 254 F.3d at 789; Barder 146 F.3d at 710-11. Informal warnings threatening to seek Rule 11 sanctions do not satisfy the strict requirement that a motion be served on the opposing party twenty-one days prior to filing. Barder, 146 F.3d at 710. That a party has advanced warning that another party finds allegations objectionable does not cure a failure to comply with the strict procedural requirement of Rule 11(c)(1)(A). Radcliffe, 254 F.3d at 789. Additionally, a request for Rule 11 sanctions must be made "separately form other motions or requests and [must] describe the specific conduct alleged to violate [Rule 11(b)]." Fed. R. Civ. Pro. 11(c)(1)(A); Divane v. Krull Elec. Co., 200 F.3d 1020, 1025 (7th Cir. 1999). "Permitting a motion for sanctions to be made in conjunction with another motion constitutes an abuse of discretion." Divane, 200 F.3d at 1025; In re Deville, 280 B.R. 483, 493 (9th Cir. B.A.P. 2002). Thus, the failure to comply with the mandatory procedural requirements makes Rule 11 sanctions inappropriate.

### b.    28 U.S.C. § 1927 Sanctions

28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

17

Sanctions are appropriate under § 1927 "when there is no obvious violation of the Federal Rules, but where, within the rules, the proceeding is conducted in bad faith for the purpose of delay or increasing costs." Pickern v. Pier 1 Imps. (U.S.), Inc., 339 F.Supp.2d 1081, 1091 (E.D. Cal. 2004) (citing In re Yagman, 796 F.2d 1165, 1187 (9th Cir. 1986), as amended by 803 F.2d 1085 (9th Cir. 1986)). Stated differently, sanctions under § 1927 are appropriate when: (1) the attorney multiplied the proceedings; (2) the attorney's conduct was unreasonable and vexatious; and (3) the conduct resulted in an increase in the cost of the proceedings. B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1107 (9th Cir. 2002); Pickern, 339 F.Supp.2d at 1091. An award of sanctions under 28 U.S.C. § 1927 thus requires a finding of recklessness or bad faith. Ingle v. Circuit City, 408 F.3d 592, 596 (9th Cir. 2005); B.K.B., 276 F.3d at 1107. Conduct is vexatious or unreasonable when it is done recklessly, with knowledge. B.K.B., 276 F.3d at 1107; Pickern, 339 F. Supp.2d at 1091.

**3.    Analysis**

Defendant's Rule 11 motion for sanction is filed as part of Defendant's motion to dismiss. See Court's Docket Document Nos. 29, 31. Additionally, there is no indication that Defendant has complied with the mandatory notice and 21-day waiting period. It is an abuse of discretion to impose sanctions when the mandatory procedures of Rule 11(c)(1)(A) have not been followed. Because Defendant has failed to follow the requirements of Rule 11(c)(1)(A), Defendant's request for sanctions under Rule 11 will be denied. See Fed. R. Civ. Pro. 11(c)(1)(A); Radcliffe, 245 F.3d at 789; Divane, 200 F.3d at 1025; In re Deville, 280 B.R. at 493.

For purposes of 28 U.S.C. § 1927, Defendant has not sufficiently shown recklessness or bad faith. After receiving the opposition to the motion to remand, Plaintiff withdrew its motion. Furthermore, that Defendant may have found the complaint objectionable under Rule 12(b)(6) and that Plaintiff disagrees is insufficient to show recklessness or bad faith. When Plaintiff filed the first amended complaint and maintained the substance of the original complaint despite a prior Rule 12(b)(6) motion, this indicates that Plaintiff believed that its complaint was sufficient.

Additionally, Plaintiff resisted the motion to dismiss with argument and citation to case law. Defendant has not supplied sufficient evidence to show recklessness or bad faith. Defendant's motion for sanctions under § 1927 will be denied.

### CONCLUSION

Given the foregoing, granting Defendant's 12(b)(6) motion without prejudice and denial of Defendant's request for sanctions is appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's Rule 12(b)(6) motion to dismiss is GRANTED without prejudice;
2. Defendant's motion for sanctions under Rule 11 and 28 U.S.C. § 1927 is DENIED; and
3. Plaintiff is granted leave to file an amended complaint on or by 4:00 p.m. September 29, 2005.

IT IS SO ORDERED.

Dated:     **September 8, 2005**           **/s/ Anthony W. Ishii**
0m8i78                                              UNITED STATES DISTRICT JUDGE

19