IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE NELSON COMPANY, INC., a California Corporation,<br><br>                Plaintiff,<br>v.<br><br>WESTON HATHAWAY, and DOES 1 through 10,<br><br>                Defendants. | CV F 05-0208 AWI DLB<br><br>ORDER ON DEFENDANT'S SECOND MOTIONS TO DISMISS, TO STRIKE, AND FOR SANCTIONS |

      This is a contractual dispute between subcontractors to the Fresno Federal Courthouse project. On September 9, 2005, this Court granted Weston Hathaway's ("Defendant") motion to dismiss, denied sanctions, and Mike Nelson Company ("Plaintiff") filed a Second Amended Complaint ("SAC") on September 28, 2005. Defendant filed this motion to dismiss portions of the SAC, specifically the causes of action for common counts and account stated and Plaintiff's prayer for attorney's fees. Defendant also seeks sanctions under Rule 11 and 28 U.S.C. § 1927. Plaintiff does not contest dismissal of the common counts and account stated causes of action, but argues that attorney's fees are appropriate and that sanctions are unwarranted.

### **12(b)(6) MOTION TO DISMISS STANDARD**

      Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

This rule provides for dismissal of a claim if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Parks Sch. of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Thus, the determinative question is whether there is any set of "facts that could be proved consistent with the allegations of the complaint" that would entitle plaintiff to some relief. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Newman v. Sathyavaglswaran, 287 F.3d 786, 788 (9th Cir. 2002); Smith v. Jackson, 84 F.3d 1213, 1217 (9th Cir. 1996). The Court must also assume that general allegations embrace the necessary, specific facts to support them. Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994). But, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Courts will not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Warren, 328 F.3d at 1139; Western Mining Council, 643 F.2d at 624. Furthermore, Courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint, but may review materials which are properly submitted as part of the complaint and may take judicial notice of public records outside the pleadings. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the

absence of sufficient facts alleged under a cognizable legal theory.  <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001); <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th Cir. 1988). If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting <u>Doe v. United States</u>, 58 F.3d 494, 497 (9th Cir. 1995)).

## PLAINTIFF'S SAC

**A.     Causes of Action for Account Stated and Common Counts**

In response to Defendant's motion with respect to these causes of action, Plaintiff states that removal of these words is appropriate because they were inadvertently not removed from the caption and "in no way represented intent on the part of Nelson to re-allege said claims." Plaintiff's Opposition at 4.

Additionally, the only cause of action pled in the SAC is for breach of contract.  The SAC is entitled/captioned, "**SECOND AMENDED COMPLAINT FOR: BREACH OF CONTRACT, ACCOUNT STATED, AND COMMON COUNTS**."  However, within the body of the SAC, there are no allegations for account stated or common counts.  The complaint is limited to a cause of action for breach of contract.

As Plaintiff's opposition and the body of the SAC make abundantly clear, Plaintiff is not proceeding under the theories of account stated or common counts.  The inclusion of these causes of action in the caption of the SAC was merely oversight.  Accordingly, it is appropriate to strike the causes of action for "account stated" and "common counts" from the caption of the SAC.

**B.     Attorney's Fees**

Defendant argues that Plaintiff has failed to allege facts sufficient to show an entitlement to attorney's fees despite this Court's ruling on this issue in the prior Motion to Dismiss. Specifically, Defendant argues that Plaintiff has again failed to identify a basis for attorney's fees

and has failed to reference a particular portion of the contract that provides for attorney's fees and that the prayer for attorney's fees at 4:8 of the SAC should be dismissed.

In opposition, Plaintiff argues that California Civil Code § 1717 provides the statutory basis for an award of attorney's fees in this case. Plaintiff argues that § 1717 provides that contractual provisions for attorney fees are applied mutually to all parties of contract, even if the contractual provision is not so written. Additionally, Plaintiff argues that Civil Code § 1642 provides that "several contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together." Cal. Civil Code § 1642. Relying on *Dell Merk v. Franzia* and the above Civil Code sections, Plaintiff argues that both it and Defendant are claiming attorney's fees under a construction contract consisting of several documents: the credit application and the quotes requests. Plaintiff argues that it is basing its breach of contract action on the price/quote documents exchanged in 2003 and Defendant bases its counterclaim on breach of the credit application, which was entered into in 2000.

In reply, Defendant argues that the SAC fails to reference any attorney's fees clause in the alleged contract and/or any other basis for fees, and does not allege that the contract it claims was breached contains an attorney's fees clause. Although Plaintiff argues that because Defendant is claiming fees based on a credit application, this argument was previously reject in the previous motion to dismiss. Additionally, the credit application and the price/quotes documents are separate transactions and there is no basis for the assertion that the credit application was "impliedly incorporated" into the contract that Plaintiff alleges was breached; in fact, Plaintiff cites no authority for it unique and untenable theory contractual incorporation by implication.

**Legal Standard**

"In an action involving state law claims, [federal courts] apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule." MRO Communs., Inc. v. AT&T Co., 197 F.3d 1276, 1282 (9th Cir. 1999). In California, attorney fees are "allowable as costs under Section 1032 [of the Code of

Civil Procedure]"when they are "authorized by" either "Contract," "Statute," or "Law."[1] Cal. Code Civ. Pro. § 1033.5; Santisas v. Goodin, 17 Cal.4th 599, 606 (1998). "Thus, recoverable litigation costs do include attorney fees, but only when the party entitled to costs has a legal basis, independent of the cost statutes and grounded in an agreement, statute, or other law, upon which to claim recovery of attorney fees." Santisas, 17 Cal.4th at 606; see also Cal. Code Civ. Pro. § 1021 et. seq.; Carver v. Chevron USA, Inc., 97 Cal.App.4th 132, 143-44 (2002). With respect to contract actions, "where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees in addition to other costs." Cal. Civ. Code § 1717(a). The contract relied upon must contain a provision for the award of attorney fees in order to trigger the operation of § 1717. Khajavi v. Feather River Anesthesia Medical Group, 84 Cal.App.4th 32, 62 (2000); Campbell v. Scripps Bank, 78 Cal.App.4th 1328, 1337 (2000). Without an attorney's fees provision within the contract, a contract claim for attorney's fees will fail. Khajavi, 84 Cal.App.4th at 62. However, if a contract provides for attorney's fees, § 1717 mandates that the "contractual attorney's fees provision must be applied mutually and equally to all parties to the contract, even if it is written otherwise." Scott Company v. Blount, 20 Cal.4th 1103, 1106 (1999). Section 1717 "generally must apply in favor of the party prevailing on a contract claim whenever that party would have been liable under the contract for attorney fees had the other party prevailed." Id. at 1113-14.

Additionally, California Civil Code § 1642 reads: "Several contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together." See also Chern v. Bank of America, 15 Cal.3d 866, 874 (1976). "Although the language of this section speaks in terms of 'contracts,' it is generally recognized: 'The term

---

[1] Code of Civil Procedure § 1032 in relevant part reads: "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." Cal. Code. Civ. Pro. § 1032(b).

5

'contract' as used in the code section is descriptive only of a writing and, in reality, refers to an 'instrument.'" Peterson Dev. Co. v. Torrey Pines Bank, 233 Cal. App. 3d 103, 116 (1991) (quoting Harm v. Frasher, (1960) 181 Cal. App. 2d 405, 413 (1960)); see also Nevin v. Salk, 45 Cal. App. 3d 331, 338 (1975). As stated by the rule, the contracts must relate to the same matter and must be made as part of "substantially one transaction." Cal. Civ. Code § 1642; BMP Property Development v. Melvin, 198 Cal.App.3d 526, 531-532 (1988); Nevin, 45 Cal.App.3d at 338 ; see also Leonard v. Huston, 122 Cal.App.2d 541, 549 (1954). Contracts that are too separate or attenuated will not fall within the parameters of § 1642. San Francisco Milling Co., Ltd. v. Frye & Co., 2 Cal.App.2d 563, 566 (1934); see also Melvin, 198 Cal.App.3d at 532 (distinguishing Pike v. Tuttle, 18 Cal.App.3d 746, 751 (1971)). However, it is unnecessary for the several contracts to "be executed contemporaneously to bring them within the purview of [§] 1642," and "it is a question of fact whether the contracts are intended to be elements of a singular transaction." Melvin, 198 Cal.App.3d at 531; Nevin, 45 Cal.App.3d at 338.

Pertinent Allegations in the SAC

At paragraph 11, Plaintiff alleges:

> As a result of counter-complainant's actions, Counter-Defendant, Mike Nelson, has been, and currently is, incurring attorney's fees, costs, and reasonable expenses and seeks an award of those amounts either at trial or by post-trial motion. Mike Nelson is entitled to claim attorney fees and costs as a result of this litigation pursuant to the language contained in the document known as the credit application prepared by Weston [Hathaway].

SAC at ¶ 11.

Similarly, at page 4, line 8, in the Prayer for Relief, Plaintiff prays: "4. For attorney fees and costs incurred."

Discussion

Plaintiff essentially argues that California Civil Code § 1642 and § 1717, when read together, form a basis for concluding that the credit application is part of the 2003 transaction that is pled in the SAC, i.e. the credit application and the bid/quote must be read together and the attorney's fee provision of the credit application is reciprocal to Plaintiff. However, from the

6

complaint and the allegations within Paragraph 11, it is not clear how § 1642 applies to this case. The language of Paragraph 11 focuses on Plaintiff incurring attorney's fees because of "counter-complainant's" actions. See SAC at ¶ 11. Plaintiff also refers to itself as "Counter-Defendant" in Paragraph 11. Id. Paragraph 11 is the only time that Defendant is referred to as "counter-complainant" or that Plaintiff is referred to as "Counter-Defendant." Further, Paragraph 11 is the only place that the credit application is mentioned, and the alleged basis for Plaintiff's *complaint* appears to be the returned bid request. See SAC at ¶ 5. Paragraph 11, when read in light of § 1717, provides a basis for Plaintiff's attorney's fees should Plaintiff prevail with respect to Defendant's counterclaim. The language of Paragraph 11 does not explain the basis for an award of attorney's fees should Plaintiff prevail on its breach of contract cause of action that is pled in the SAC. Although for Rule 12(b)(6) purposes, the Court views the allegations in the light most favorable to the complaining party and assumes that general facts encompass the necessary specific facts to support them, Paragraph 11 as pled does not show a basis for an award of attorney's fees as part of Plaintiff's *complaint.*

The request for attorney's fees in the SAC is different from the First Amended Complaint. In the First Amended Complaint, there was simply a bare request in the prayer for attorney's fees. The First Amended Complaint did not have the equivalent of the SAC's Paragraph 11. Nevertheless, Paragraph 11 does not explain the basis for an award of attorney's fees should the Plaintiff prevail on its breach of contract cause of action as pled in the SAC. If Plaintiff is attempting to rely on § 1642 for purposes of its complaint, then Plaintiff needs to allege that the bid request and the credit application relate to the same matter and were made as part of "substantially one transaction." See Cal. Civ. Code § 1642; Melvin, 198 Cal.App.3d at 531-532; Nevin, 45 Cal.App.3d at 338. Accordingly, dismissal without prejudice is appropriate.

**C.   Sanctions**

Defendant argues that sanctions are appropriate because Plaintiff ignored the Court's

7

ruling on the prior Motion to Dismiss and requested attorney's fees, even though Plaintiff knew that such a request is baseless. Because Plaintiff unreasonably reasserts the claims for attorney's fees, Defendant has incurred needless expenses and attorney's fees. Defendant argues that Plaintiff should pay Defendant's attorney's fees ($4,050.00) as a sanction under Rule 11 and/or 28 U.S.C. § 1927.

**Rule 11 Sanctions**

"Rule 11(c)(1)(A) provides strict procedural requirements for parties to follow when they move for sanctions under Rule 11." Radcliffe v. Rainbow Const. Co., 254 F.3d 772, 788 (9th Cir. 2001). Rule 11(c)(1)(A) provides that:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

The purpose of Rule 11(c)(1)(A)'s safe harbor is to give the offending party the opportunity to withdraw the offending pleading and thereby escape sanctions. Barber v. Miller, 146 F.3d 707, 710 (9th Cir.1998).

The procedural requirements of Rule 11(c)(1)(A)'s safe harbor are mandatory. Radcliffe, 254 F.3d at 789; Barder 146 F.3d at 710-11. Informal warnings threatening to seek Rule 11 sanctions do not satisfy the strict requirement that a motion be served on the opposing party twenty-one days prior to filing. Barder, 146 F.3d at 710. That a party has advanced warning that another party finds allegations objectionable does not cure a failure to comply with the strict procedural requirement of Rule 11(c)(1)(A). Radcliffe, 254 F.3d at 789. Additionally, a request for Rule 11 sanctions must be made "separately from other motions or requests and [must] describe the specific conduct alleged to violate [Rule 11(b)]." Fed. R. Civ. Pro. 11(c)(1)(A); Divane v. Krull Elec. Co., 200 F.3d 1020, 1025 (7th Cir. 1999). "Permitting a motion for sanctions to be made in conjunction with another motion constitutes an abuse of discretion."

8

Divane, 200 F.3d at 1025; In re Deville, 280 B.R. 483, 493 (9th Cir. B.A.P. 2002). Thus, the failure to comply with the mandatory procedural requirements makes Rule 11 sanctions inappropriate.

Discussion

Defendant's Rule 11 motion for sanctions is filed as part of Defendant's motion to dismiss. See Court's Docket Document Nos. 49, 52. Additionally, there is no indication that Defendant has complied with the mandatory notice and 21-day waiting period. It is an abuse of discretion to impose sanctions when the mandatory procedures of Rule 11(c)(1)(A) have not been followed. Because Defendant has failed to follow the requirements of Rule 11(c)(1)(A), Defendant's request for sanctions under Rule 11 are denied. See Fed. R. Civ. Pro. 11(c)(1)(A); Radcliffe, 245 F.3d at 789; Divane, 200 F.3d at 1025; In re Deville, 280 B.R. at 493.

**28 U.S.C. § 1927 Sanctions**

28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Sanctions are appropriate under § 1927 "when there is no obvious violation of the Federal Rules, but where, within the rules, the proceeding is conducted in bad faith for the purpose of delay or increasing costs." Pickern v. Pier 1 Imps. (U.S.), Inc., 339 F.Supp.2d 1081, 1091 (E.D. Cal. 2004) (citing In re Yagman, 796 F.2d 1165, 1187 (9th Cir. 1986), as amended by 803 F.2d 1085 (9th Cir. 1986)). Stated differently, sanctions under § 1927 are appropriate when: (1) the attorney multiplied the proceedings; (2) the attorney's conduct was unreasonable and vexatious; and (3) the conduct resulted in an increase in the cost of the proceedings. B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1107 (9th Cir. 2002); Pickern, 339 F.Supp.2d at 1091. An award of sanctions under 28 U.S.C. § 1927 thus requires a finding of recklessness or bad faith. Ingle v. Circuit City, 408 F.3d 592, 596 (9th Cir. 2005); B.K.B., 276 F.3d at 1107. Conduct is vexatious

or unreasonable when it is done recklessly, with knowledge.  <u>B.K.B.</u>, 276 F.3d at 1107; <u>Pickern</u>, 339 F. Supp.2d at 1091.

<u>Discussion</u>

For purposes of 28 U.S.C. § 1927, Defendant has not sufficiently shown recklessness or bad faith.  In the Court's order on the first motion to dismiss, the court stated:

> There are no allegations in the Complaint that Plaintiff is relying on a contractual provision that authorizes the award of attorneys's fees.  That Defendant in its own pleading may have described a contractual basis for attorneys's fees is immaterial to Plaintiff's Complaint.  Because Plaintiff has not identified a basis for attorneys's fees, dismissal is appropriate.

Court's Docket No. 43.

Here, Plaintiff pled a basis for attorney's fees and relied on more than a bare request in its prayer. Although Paragraph 11 does not answer how Plaintiff would be entitled to attorney's fees if Plaintiff prevails on its breach of contract claim as described in the SAC, Paragraph 11 shows an attempt to comply with the Court's order.  Plaintiff has not sufficiently shown recklessness or bad faith.  Defendant's motion for sanctions under § 1927 will be denied.

## CONCLUSION

Given the foregoing, Defendant's motion to strike and motion to dismiss will be granted, but Defendant's motion for sanctions will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to strike is GRANTED and the causes of action for account stated and common counts are STRUCK from the SAC;

2. Defendant's motion to dismiss Plaintiff's claim for attorney's fees is GRANTED without prejudice;

3. Defendant's motion for sanctions under Rule 11 and 28 U.S.C. § 1927 is DENIED; and

10

4. Plaintiff has ten (10) days from the date of service of this order in which to file an amended complaint if it so chooses.

IT IS SO ORDERED.

**Dated:   January 11, 2006**              _____/s/ Anthony W. Ishii_____
0m8i78                                              UNITED STATES DISTRICT JUDGE

11