IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE NELSON COMPANY, INC., a California Corporation,<br><br>    Plaintiff,<br>  v.<br><br>WESTON HATHAWAY, and DOES 1 through 10,<br><br>    Defendants.<br>_____<br><br>AND RELATED COUNTER CLAIM<br>_____ | CV F 05-0208 AWI DLB<br><br>ORDER FOR ADDITIONAL BRIEFING AND VACATING OCTOBER 23, 2006, HEARING ON WESTON HATHAWAY'S MOTIONS FOR SUMMARY JUDGMENT |

  Currently pending before the Court is Defendant/Counterclaimant Weston Hathaway's ("Weston") motions for summary judgment and partial summary adjudication. This matter was removed by Weston in February 2005 under 28 U.S.C. § 1441(b). Weston asserted that a federal question was present because Mike Nelson Company, Inc. ("Mike Nelson")'s suit dealt with the construction of the Fresno federal courthouse. Additionally, Weston indicated that it had claims against Mike Nelson involving the federal courthouse project. According to Weston, this case thus involved a federal question under the Miller Act, 40 U.S.C. § 3133, et. seq. A review of Mike Nelson's original complaint, as well as its current operative complaint, show that Mike Nelson has alleged no violation of the Miller Act. Instead, Mike Nelson originally sought recovery under California state law for breach of contract, account stated, and common count.

See Court's Docket Document No. 1, Exhibit A.  Mike Nelson's operative complaint contains only a cause of action for breach of contract.  See Court's Docket Document No. 61.

28 U.S.C. § 1441(b) reads in relevant part: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir. 1999); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).  There is a strong presumption against removal.  Gaus v. Miles, Inc., 980 F. 2d 564, 566 (9th Cir. 1992).  If there is any doubt as to the right of removal in the first instance, "federal jurisdiction must be rejected."  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Gaus, 980 F. 2d at 566.

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  California v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000); see California ex. rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004); Duncan, 76 F.3d at 1485.  Under the "well-pleaded complaint" rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose."  California, 215 F.3d at 1014; Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821-22 (9th Cir. 1985).  "A defense is not part of a plaintiff's pleaded statement of his or her own claim."  Dynegy, 375 F.3d at 838.  Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue."  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002).  "In addition, the plaintiff is the

2

'master' of her case, and if she can maintain her claims on both state and federal grounds, she may ignore the federal question, assert only state claims, and defeat removal." Duncan, 76 F.3d at 1485.  However, the "artful pleading doctrine is a corollary to the well-pleaded complaint rule, and provides that although the plaintiff is the master of his own pleadings, he may not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of his claim." Lippitt v. Raymond James Fin. Serv., 340 F.3d 1033, 1041 (9th Cir. 2003).

Additionally, "removability cannot be created by defendant pleading a counter-claim presenting a federal question. . . ." Takeda, 765 F.2d at 822.  The Fifth Circuit has explained:

> When an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim.  Similarly, the defendant's third-party claim alleging a federal question does not come within the purview of § 1441 removability.  The third-party claim, like a defense or counterclaim, is a pleading by the defendant. The third-party claim does not change the character of the plaintiff's complaint any more than does the defendant's other pleadings.  Thus, the federal question alleged in the defendant's third-party claim does not, in and of itself, confer jurisdiction upon the federal court.
>
> The initiation of Ford's third-party claim in federal court, as opposed to that in state court prior to removal, does not change its status. Such a result would be contrary to the rule that removal jurisdiction must be disclosed on the face of the plaintiff's complaint, and that the basis to determine removal jurisdiction so continues throughout the litigation.  To hold otherwise would unduly grant a defendant the power to manipulate removal jurisdiction once in federal court, despite overwhelming authority proscribing same.

Metro Ford Truck Sales v. Ford Motor Co., 145 F.3d 320, 326-27 (5th Cir. 1998); see Leo Finnegan Constr. Co. v. Northwest Plumbing & Pipefitting Indus. Health Welfare & Vacation Trust, 2005 U.S. Dist. LEXIS 40396, 9-10 (W.D. Wash. 2005); Redevelopment Agency of San Bernardino v. Alvarez, 288 F. Supp. 2d 1112, 1115 (C.D. Cal. 2003).

"If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); Gibson v. Chrysler Corp., 261 F.3d 927, 932 (9th Cir. 2001).  "Subject matter jurisdiction cannot be established by consent of

3

the parties, and a lack of subject matter jurisdiction is a non-waivable defect." Gibson, 261 F.3d at 948; see also Lengyel v. Sheboygan County, 882 F. Supp. 137, 138 (E.D. Wis. 1995) ("When a district court determines there is a lack of subject matter jurisdiction, the case shall be remanded, even if the parties prefer to remain in federal court."). A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). "Thus, the court can, in fact must, dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has a filed a motion." Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995). In other words, a district court may remand a removed case *sua sponte* if it determines that it lacks subject matter jurisdiction over the case. See Parker v. Ho Sports Co., 2005 U.S. Dist. LEXIS 37289 at *1 (E.D. Cal. 2005); Knutson v. Allis-Chalmers Corp., 358 F. Supp. 2d 983, 990 (D. Nev. 2005); Tortola Restaurants, L.P. v. Kimberly-Clark Corp., 987 F. Supp. 1186, 1188 (N.D. Cal. 1997); cf. Kelton Arms Condo. Homeowners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192-93 (9th Cir. 2003) (holding that a court may not *sua sponte* remand for procedural defects in removal but noting a distinction between procedural and jurisdictional defects and that a "district court must remand if it lacks jurisdiction").

Here, the Court harbors doubt over its jurisdiction. This case arrived through 28 U.S.C. § 1441 based on the presence of a federal question. Mike Nelson's complaint does not indicate that it involves a Miller Act bond and no federal question appears on the face of any of Mike Nelson's complaints, let alone the complaint upon which removal is based.[1] The Court is under a mandatory duty to raise jurisdictional defects. The Court will give the parties the opportunity to respond to the Court's concerns.

---

[1] The Court notes that a number of cases indicate that the Miller Act does not apply to causes of action that are not based on a Miller Act bond, e.g. state law breach of contract claim. See, e.g., United States ex rel. Gigliello v. Sovereign Construction Co., 311 F.Supp. 371, 373 (D. Mass. 1970); United Pacific Ins. Co. v. Wyoming Excise Tax Div., 713 P.2d 317, 225 (Wyo. 1986); General Heater Div. Corp. v. Metropolitan Rehab. Corp., 455 N.Y.S.2d 466, 468 (N.Y. App. Div. 1982).

Accordingly, IT IS HEREBY ORDERED that:

1. Consistent with the discussion and law cited above, the parties are to file briefing regarding the Court's jurisdiction over this case on or by October 30, 2006;
2. Weston is also to file its reply to Mike Nelson's opposition to summary judgment on or by October 30, 2006;
3. The hearing on Weston's motions for summary judgment, currently set for October 23, 2006, is VACATED, and the new hearing on these motions will be November 13, 2006, at 1:30 p.m. in Courtroom 2.

IT IS SO ORDERED.

**Dated:    October 17, 2006**             **/s/ Anthony W. Ishii**
0m8i78                                     UNITED STATES DISTRICT JUDGE

5