IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE NELSON COMPANY, INC., a California Corporation,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>WESTON HATHAWAY, and DOES 1 through 10,<br><br>　　　　　　Defendants.<br>_____<br><br>AND RELATED COUNTER CLAIM<br>_____ | CV F 05-0208 AWI DLB<br><br>**ORDER REMANDING CASE TO STATE COURT, VACATING ALL DATES, AND DENYING AS MOOT ALL PENDING MOTIONS** |

## BACKGROUND

Currently pending before the Court is Defendant/Counterclaimant Weston Hathaway's ("Weston") motions for summary judgment and partial summary adjudication. This matter was removed by Weston in February 2005 under 28 U.S.C. § 1441(b). Weston asserted that a federal question was present because Mike Nelson Co.'s ("Nelson") complaint dealt with the construction of the Fresno federal courthouse and would thus involve questions under the Miller Act, 40 U.S.C. § 3133, et. seq. Additionally, Weston indicated that it had claims against Nelson involving the federal courthouse project under the Miller Act, and that the necessary cross-complaint would involve the surety who provided the payment bond required by the Miller Act. Thus, according to Weston, this case involved a federal question under 28 U.S.C. § 1331. See

1  Court's Docket Document No. 1.

2  In October, the Court requested the parties brief the issue of subject matter jurisdiction
3  over this case since Nelson's original complaint alleged no violation of the Miller Act and
4  instead sought recovery under California state law for breach of contract, account stated, and
5  common count.  See Court's Docket Document No. 1, Exhibit A.  The parties requested that the
6  Court alter the briefing and hearing schedules because they were attempting to mediate their
7  dispute.  The Court granted the parties's request.  All the additional briefing has been submitted,
8  but the Court has received no update regarding mediation.  The pre-trial conference is currently
9  set for January 3, 2006.

10

11  **LEGAL STANDARD**

12  28 U.S.C. § 1441(b) reads in relevant part: "Any civil action of which the district courts
13  have original jurisdiction founded on a claim or right arising under the Constitution, treaties or
14  laws of the United States shall be removable without regard to the citizenship or residence of the
15  parties."  "The burden of establishing federal jurisdiction is on the party seeking removal, and the
16  removal statute is strictly construed against removal jurisdiction."  Prize Frize Inc. v. Matrix Inc.,
17  167 F.3d 1261, 1265 (9th Cir. 1999); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th
18  Cir. 1988).  There is a strong presumption against removal.  Gaus v. Miles, Inc., 980 F. 2d 564,
19  566 (9th Cir. 1992).  If there is any doubt as to the right of removal in the first instance, "federal
20  jurisdiction must be rejected."  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Gaus,
21  980 F. 2d at 566.  Jurisdiction is determined as of the time of the removal itself and the reviewing
22  court must look to the complaint as of the time the removal petition was filed.  See Reddam v.
23  KPMG, L.L.C., 457 F.3d 1054, 1058 n.6 (9th Cir. 2006); Abada v. Charles Schwab & Co, Inc.,
24  300 F.3d 1112, 1117 (9th Cir. 2002).  In other words, "jurisdiction is based on the complaint as
25  originally filed and not as amended."  Abada, 300 F.3d at 1117; O'Halloran v. University of
26  Wash., 856 F.2d 1375, 1379 (9th Cir. 1988).

27  "The presence or absence of federal question jurisdiction is governed by the 'well-
28  pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal

question is presented on the face of the plaintiff's properly pleaded complaint." California v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000); see California ex. rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004); Duncan, 76 F.3d at 1485. Under the "well-pleaded complaint" rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." California, 215 F.3d at 1014; Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821-22 (9th Cir. 1985). "A defense is not part of a plaintiff's pleaded statement of his or her own claim." Dynegy, 375 F.3d at 838. Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002). "In addition, the plaintiff is the 'master' of her case, and if she can maintain her claims on both state and federal grounds, she may ignore the federal question, assert only state claims, and defeat removal." Duncan, 76 F.3d at 1485. However, the "artful pleading doctrine is a corollary to the well-pleaded complaint rule, and provides that although the plaintiff is the master of his own pleadings, he may not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of his claim." Lippitt v. Raymond James Fin. Serv., 340 F.3d 1033, 1041 (9th Cir. 2003).

"If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); Gibson v. Chrysler Corp., 261 F.3d 927, 932 (9th Cir. 2001). "Subject matter jurisdiction cannot be established by consent of the parties, and a lack of subject matter jurisdiction is a non-waivable defect." Gibson, 261 F.3d at 948; see also Lengyel v. Sheboygan County, 882 F. Supp. 137, 138 (E.D. Wis. 1995) ("When a district court determines there is a lack of subject matter jurisdiction, the case shall be remanded, even if the parties prefer to remain in federal court."). A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th

Cir. 2004). "Thus, the court can, in fact must, dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has a filed a motion." Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995).

## **DISCUSSION**

As stated above, the original complaint alleges only state law claims for breach of contract, account stated, and common count. There is no federal claim present. Both Nelson and Weston argue that this Court has jurisdiction over Weston's Miller Act counterclaims. In fact, Weston focuses on the point that exclusive jurisdiction over the Miller Act resides in the federal court. Because the Court has exclusive jurisdiction over the counterclaim, Weston argues that the Court should exercise supplemental jurisdiction over all claims, including Nelson's contract claim. The Court disagrees..

The Court requested additional briefing because it was concerned that the removal was improper since no federal question appeared on the face of Nelson's original complaint, which is the basis for removal. See Abada, 300 F.3d at 1117; O'Halloran, 856 F.2d at 1379. The notice of removal and the additional briefing by Weston does not focus on Nelson's complaint, but instead focuses on the counterclaims and third-party claims[1] made by Weston. The Supreme Court, however, has made it clear that a counterclaim is not a basis for an exception to the well-pleaded complaint rule. Holmes Group, Inc. v. Vornado Air Circulation Sys., 535 U.S. 826, 831-32 (2002). *Holmes Group* involved a challenge to the Federal Circuit's jurisdiction to hear the appeal of a case that contained a compulsory patent counterclaim, and the counterclaim placed exclusive jurisdiction over an appeal to the Federal Circuit. See id. at 828-29. In finding that the Federal Circuit did not have jurisdiction, the Supreme Court explained:

> Allowing a counterclaim to establish 'arising under' jurisdiction would also contravene the longstanding policies underlying our precedents. First, since the plaintiff is 'the master of the complaint,' the well-pleaded-complaint rule enables him, 'by eschewing claims based on federal law, . . . to have the cause heard in state court.' The rule proposed by respondent, in contrast, would leave acceptance

---

[1] The Counterclaim filed by Weston includes claims against parties who were not parties to Mike Nelson's suit against Weston. Cf. Court's Docket Document No. 1 Exhibit A with Court's Docket Document No. 13.

4

>or rejection of a state forum to the master of the counterclaim. It would allow a defendant to remove a case brought in state court under state law, thereby defeating a plaintiff's choice of forum, simply by raising a federal counterclaim. Second, conferring this power upon the defendant would radically expand the class of removable cases, contrary to the "due regard for the rightful independence of state governments" that our cases addressing removal require. And finally, allowing responsive pleadings by the defendant to establish "arising under" jurisdiction would undermine the clarity and ease of administration of the well-pleaded-complaint doctrine, which serves as a "quick rule of thumb" for resolving jurisdictional conflicts.
>
>For these reasons, we decline to transform the longstanding well-pleaded-complaint rule into the 'well-pleaded-complaint-or-counterclaim rule' urged by respondent.

Id. (internal citations omitted).

Even before *Holmes Group*, other courts held that a counterclaim does not provide a basis for removal. E.g. Metro Ford Truck Sales v. Ford Motor Co., 145 F.3d 320, 326-27 (5th Cir. 1998); Takeda, 765 F.2d at 822; Topside, Inc. v. Topside Roofing & Siding Constr., 2001 U.S. Dist. LEXIS 25011, *9-*10 (D. Minn. 2001); Price v. ALFA Mut. Ins. Co., 877 F.Supp. 597, 599-600 (M.D. Ala. 1995); Commercial Sales Network v. Sadler-Cisar, Inc., 755 F.Supp. 756, 759 (N.D. Ohio 1991). After *Holmes Group*, other Courts have remanded cases where a defendant's counterclaim or a third-party complaint alleged claims that either would have otherwise created a federal question or alleged claims that were within the exclusive jurisdiction of the federal courts. See Cross Country Bank v. McGraw, 321 F.Supp.2d 816, 819-21 (S.D. W. Va. 2004) (remand where defendant's third-party complaint alleged violation of the Sherman Act); M, G, & B Servs. v. Buras, 2004 U.S. Dist. LEXIS 16624, *5-*6 (E.D. La. 2004) (remand where counterclaim under the Sherman Act was pled);[2] AG Servs. of Am. v. Metsker, 2004 U.S. Dist. LEXIS 8563, *4-*5 (D. Kan. 2004) (noting that counterclaim cannot be a basis for removal even if exclusive jurisdiction over the counterclaim rests in federal courts and ordering to show cause why dismissal should not occur); Metropolitan Life Ins. Co. v. Balinas, 2002 U.S. Dist. LEXIS 10830, *10-*11 (E.D. La. 2002) (remand even though Sherman Act counterclaim was filed after removal); cf. also American Oil Co. v. Egan, 357 F.Supp. 610, 612 (D.C. Minn. 1973)

---

[2]The *M, G, & B* court also held that it had no jurisdiction to sever the Sherman Act counterclaim and remand the remaining claims to state court. M, G, & B, 2004 U.S. Dist. LEXIS 16624 at *15.

(remand where Sherman Act counter claim alleged); <u>United Artists Corp. v. Ancore Amusement Corp.</u>, 91 F.Supp. 132, 133 (S.D. N.Y. 1950) (same and noting, "The fact that the claim set up in the amended answer is one over which the State court will have no jurisdiction upon remand does not justify this court in retaining jurisdiction over an action improperly removed here.").

Here, Weston and Nelson's briefing focus on exclusivity of jurisdiction for Weston's Miller Act counterclaims and third-party claims and supplemental jurisdiction. However, jurisdiction over a removed case is determined by examination of the complaint at the time of removal, <u>see</u> <u>Abada</u>, 300 F.3d at 1117, and, as discussed above, federal exclusivity of a counterclaim or third-party claim is not a basis for removal or jurisdiction over a removed case. The complaint in existence at the time of removal contained only state law causes of action and no federal questions are apparent.[3]

The Court is under a duty to satisfy itself that subject matter jurisdiction exists, even if no party raises the issue. <u>United Investors</u>, 360 F.3d at 967. It was Weston's burden to establish federal subject matter jurisdiction and the propriety of removal, and there is a strong presumption against removal. See <u>Prize Frize</u>, 167 F.3d at 1265; <u>Duncan</u>, 76 F.3d at 1485; <u>Gaus</u>, 980 F.2d at 566; <u>Emrich</u>, 846 F.2d at 1195. Although it appears that both sides wish to remain in this Court, subject matter jurisdiction cannot be established by consent of the parties, and a lack of subject matter jurisdiction is a non-waivable defect. See <u>Gibson</u>, 261 F.3d at 948; <u>Lengyel</u>, 882 F.Supp. at 138. "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); <u>Gibson</u>, 261 F.3d at 932. This case has not gone to trial and no judgments have been entered. Because the complaint upon which removal was based contains no federal question, and because Weston's counterclaims and third-party claims are insufficient, Weston has failed to meet its burden of establishing subject matter jurisdiction. Since the Court lacks subject matter jurisdiction over this removed case, it must remand the case to the state court as per 28 U.S.C. § 1447(c).

---

[3] Although not a consideration in determining subject matter jurisdiction, the Court notes that none of the amended complaints by Mike Nelson alleged any violations of federal law.

Accordingly, IT IS HEREBY ORDERED that:

1. This case is REMANDED to the Fresno County Superior Court as per 28 U.S.C. § 1447(c) ;
2. All pending motions are DENIED as moot; and
3. All scheduled dates, including the pre-trial conference and trial dates, are VACATED.


IT IS SO ORDERED.

**Dated:   December 22, 2006**                   /s/ Anthony W. Ishii
0m8i78                                            UNITED STATES DISTRICT JUDGE